[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12471
Non-Argument Calendar

_____

D. C. Docket No. 99-00049-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY LEVELL MYERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 24, 2008)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In 1999, Quincy Levell Myers was convicted for drug possession and

sentenced to 87 months' imprisonment and 5 years of supervised release. He was

released from prison in 2005, and in 2007, Myers violated his supervised release. He was sentenced to 3 months' imprisonment and 36 months of supervised release.

During this second term of supervised release, Myers's probation officer petitioned the court to revoke Myers's release because Myers had again violated the release terms by failing to submit monthly reports, failing to adhere to drug testing requirements, and testing positive for cocaine. Myers admitted the violations and waived his right to a revocation hearing.

At sentencing, the court noted that this was Myers's second violation of supervised release, that Myers had not successfully completed a drug addiction program while previously incarcerated, and that he repeatedly failed to cooperate with his release terms. The court considered the Chapter 7 sentencing guidelines provisions and determined that a sentence within the guideline was not appropriate. Accordingly, the court imposed a 24-month term of imprisonment with no further supervised release. The court asked counsel whether there was anything further, but did not elicit specific objections. This appeal followed.

On appeal, Myers first argues that the district court erred by failing to elicit objections, as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990) overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), and that the record is insufficient for meaningful review of his sentence.

Second, Myers argues that his sentence is unreasonable.

### I.  Objection-Elicitation Requirement

District courts must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law," as well as "the manner in which the sentence is pronounced."  Jones, 899 F.2d at 1102. This requirement applies to revocation of supervised release proceedings.  United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007).

Here, the parties concede that the court failed to elicit objections as required by Jones.  "Where the district court has not elicited fully articulated objections following the imposition of sentence, [we] will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections."  Jones, 899 F.2d at 1103.  However, remand is unnecessary when the record on appeal is sufficient for meaningful appellate review.  Campbell, 476 F.3d at 1347.

Upon review of the record, we conclude remand is not necessary because the record is sufficient for appellate review.

### II.  Reasonableness

We review a sentence imposed pursuant to revocation of a term of supervised release for reasonableness.  United States v. Sweeting, 437 F.3d 1105,

3

1106-07 (11th Cir. 2006). However, we review "a district court's decision to exceed the Chapter 7 recommended guidelines range for an abuse of discretion." United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006).

Under 18 U.S.C. § 3583(g), the court is required to revoke supervised release where the defendant violates the terms of supervised release by possessing drugs or refusing to comply with drug testing requirements. The court must then sentence the defendant to a term of imprisonment as authorized under § 3583(e)(3). Because Myers's original conviction was a Class A felony, the maximum term the court could impose was five years' imprisonment. 18 U.S.C. § 3583(g), (e)(3).

The advisory guideline range for a sentence imposed after revocation of supervised release is calculated by the grade classification of the violation for which supervised release was revoked, as determined by U.S.S.G. § 7B1.1(a)(1)-(3), and the criminal history category that was "applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a). Here, the parties agree that the advisory guidelines range under Chapter 7 was three to nine months' imprisonment.

In determining the appropriate sentence upon revocation, the court may consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for deterrence, to protect the public,

4

and to provide the defendant with needed educational or medical care, (3) the kinds of sentences and sentencing range provided by the Guidelines, (4) the need to avoid sentencing disparities, and (5) the need to provide restitution to victims. The court may revoke a term of supervised release and impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. §§ 3583(e), (e)(3), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), (a)(7). As this court has explained, however, a court is not required to consider the sentencing factors in § 3553(a) when revocation is mandatory under § 3583(g). United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000).

Here, the court considered the § 3553(a) factors even though it was not required to do so. The court also considered the advisory guidelines range and explained why it believed a sentence within the guidelines range was inappropriate to provide punishment. In doing so, the court considered Myers's repeated violations of the terms of his release and the lack of deterrence that previous incarceration had provided. The court also noted Myers's substance abuse problem and his unsuccessful attempts at rehabilitation. Moreover, the ultimate sentence imposed was well below the statutory maximum sentence. Accordingly, we conclude that the district court did not abuse its discretion, and we AFFIRM

Myers's sentence.

**AFFIRMED.**